TUCKER ELLIS LLP
David J. Steele – SBN 209797
david.steele@tuckerellis.com
Steven E. Lauridsen – SBN 246364
steven.lauridsen@tuckerellis.com
Dina Roumiantseva – SBN 300576
dina.roumiantseva@tuckerellis.com
Helena Guye – SBN 350417
helena.guye@tuckerellis.com
515 South Flower Street, 42nd Floor
Los Angeles, CA 90071-2223
Telephone: (213) 430-3400
Facsimile: (213) 430-3409

Attorneys for Defendant,
7-Eleven, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| POP MART AMERICAS INC., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>7-ELEVEN, INC., et al.,<br><br>Defendants. | Case No.: 2:25-cv-6555-MEMF (MBKx)<br><br>**7-ELEVEN, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION**<br><br>DATE:    November 5, 2026<br>TIME:    10:00 a.m.<br>CTRM:    8b, 8th Floor<br><br>Hon. Maame Ewusi-Mensah Frimpong |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 5, 2026 at 10:00 a.m., or as soon thereafter as counsel may be heard, in the Courtroom 8B of the Honorable Maame Ewusi-Mensah Frimpong, located in the First Street U.S. Courthouse, at 350 W. 1st Street, Los Angeles, CA 90012-4565, Defendant 7-Eleven, Inc. ("SEI") respectfully moves this Court for an order pursuant to Rule 37 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1927, and the Court's inherent authority awarding SEI its attorneys' fees related to opposing the improper ex parte applications filed Plaintiffs POP MART Americas Inc., POP MART (Singapore) Holding Pte. Ltd., and Beijing POP MART Cultural & Creative Co. Ltd. (collectively "Pop Mart").

Pop Mart and its counsel unreasonably and vexatiously multiplied the proceedings and should be required to pay the excess fees caused by such conduct. Specifically, SEI seeks recovery of attorneys' fees for two sets of improper filings: (1) Pop Mart's Ex Parte Application for Order to Compel Expedited Discovery from Defendant 7-Eleven, Inc. (ECF No. 70), and (2) Pop Mart's Ex Parte Application for Leave to File Response to Defendants' Statement of The Case (ECF No. 84). As detailed in the accompanying Memorandum of Points and Authorities, each filing was meritless and unnecessary, and the Court twice found that the supposed emergencies underlying Pop Mart's ex parte applications were "cris[es] of POP MART's own making." Indeed, the circumstances surrounding these filings make clear that Pop Mart sought ex parte relief without any legitimate urgency, resulting in frivolous and harassing filings that can only have been intended to impose unnecessary fees on SEI, demonstrating Pop Mart's bad faith. Accordingly, pursuant to Federal Rule of Civil Procedure 37, Section 1927 of Title 28 of the U.S. Code, and the Court's inherent authority SEI seeks to recover its reasonable attorneys' fees expended in connection with opposing Pop Mart's inappropriate filings, as well as its reasonable fees expended

in preparing this Motion, in the amount of $127,488.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, any declarations filed herewith in support, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

This motion follows the conference of counsel pursuant to L.R. 7-3, which took place on May 14, 2026. Supplemental Declaration of Steven E. Lauridsen ¶¶ 3-5. During the conference, SEI articulated its position as stated above. In accordance with this Court's Civil Standing Order, on May 14, 2026, SEI served Pop Mart with its final version of the Joint Statement in an electronic format with columns for (1) the date of each time entry; (2) the biller for each time entry; (3) a brief description of the task; (4) the number of hours requested by the moving party for the task; (5) the number of hours, if any, opposing party believes should be awarded for the task; and for disputed items; (6) a brief summary of moving party's position; and (7) a brief summary of opposing party's position. *Id.* ¶¶ 2, 6. However, to date, Pop Mart has failed to provide its additions or even respond. *Id.* ¶ 7. Accordingly, SEI submits herewith its unilateral Statement outlining its requested fees.

DATED: May 27, 2026                                    Tucker Ellis LLP

By:    /s/ Steven E. Lauridsen
          David J. Steele
          Steven E. Lauridsen
          Dina Roumiantseva
          Helena Guye

          *Attorneys for Defendant 7-Eleven, Inc.*

2

# TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................... 1

II.     RELEVANT BACKGROUND ................................................................. 1

III.    SANCTIONS ARE WARRANTED FOR POP MART'S EX PARTE APPLICATION TO COMPEL EXPEDITED DISCOVERY ............................................................................................ 3

    A.   Fee shifting is required pursuant to Rule 37. .................................. 3

    B.   Fee shifting is warranted pursuant to Section 1927. ...................... 5

    C.   Fee shifting is warranted pursuant to the court's inherent authority. ........................................................................................ 6

IV.     SANCTIONS ARE WARRANTED FOR THE EX PARTE FOR LEAVE TO FILE RESPONSE TO DEFENDANTS' STATEMENT OF THE CASE. .......................................................... 7

    A.   Fee shifting is warranted pursuant to Section 1927. ...................... 7

    B.   Fee shifting is warranted pursuant to the court's inherent authority. ........................................................................................ 9

V.      SEI'S ATTORNEYS' RATES AND HOURS EXPENDED ARE REASONABLE ........................................................................................ 10

    A.   The hourly rates of SEI's attorneys are reasonable. ..................... 10

    B.   The hours expended by SEI's counsel are reasonable. ................. 11

VI.     CONCLUSION ...................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Afifeh v. Ahmadabadi*,
  No. 2:22-CV-00928-SB-AFM,
  2022 WL 1617989 (C.D. Cal. Apr. 5, 2022).................................................................7

*Barjon v. Dalton*, 132 F.3d 496 (9th Cir. 1997) ...........................................................12

*Blixseth v. Yellowstone Mountain Club, LLC*,
  796 F.3d 1004 (9th Cir. 2015)...............................................................................5, 11

*Blum v. Stenson,* 465 U.S. 886 (1984).........................................................................12

*Cataphora Inc. v. Parker*,
  848 F. Supp. 2d 1064 (N.D. Cal. 2012) ...............................................................14

*Christensen v. Stevedoring Servs. of Am.,*
  557 F.3d 1049 (9th Cir. 2009)................................................................................11

*City of Burlington v. Dague*,
  505 U.S. 557 (1992) ...............................................................................................11

*Cunningham v. Hamilton County*,
  527 U.S. 198, 208 (1999) ........................................................................................4

*Fink v. Gomez*,
  239 F.3d 989 (9th Cir. 2001)....................................................................................7

*Gomez v. Vernon*,
  255 F.3d 1118 (9th Cir. 2001)..................................................................................5

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ...............................................................................................10

*Hung Nguyen v. Regents of Univ. of California*,
  No. 8:17-CV-00423-JVS-KESX,
  2018 WL 6112616 (C.D. Cal. May 18, 2018) .......................................................11

*In re Girardi*,
  611 F.3d 1027 (9th Cir. 2010)................................................................................9

*Int'l Longshoremen's & Warehousemen's Union v. L.A. Export Terminal, Inc.*,
  69 Cal. App. 4th 287 (1999)................................................................................14

*Lake v. Gates*,
  130 F.4th 1064 (9th Cir. 2025)..............................................................................5

*Malhiot v. S. California Retail Clerks Union*,
  735 F.2d 1133 (9th Cir. 1984)...............................................................................9

*Mission Power Eng'g Co. v. Cont'l Cas. Co.*,
  883 F. Supp. 488 (C.D. Cal. 1995).....................................................................3, 6

*O.T. v. BabyBjorn Inc.*,
  No. CV 20-4517-MCS (KSX),
  2022 WL 3013216, at *6 (C.D. Cal. June 7, 2022)...............................................11

*Tacos El Chavito, LLC v. Pascual*,
  No. 8:24-CV-00983 MWC (KESX) (C.D. Cal. January 13, 2026) .........................12

*WBS, Inc. v. Croucher*,
  No. CV 15-07251 DDP (JCx),
  2020 WL 1169387 (C.D. Cal. Mar. 11, 2020) ...................................................6, 10

*Yuga Labs, Inc. v. Ripps*,
  No. 22-cv-04355-JFW-JEMx,
  2024 WL 489248 (C.D. Cal. Jan. 11, 2024) .........................................................12

**Statutes**

28 U.S.C. § 1927................................................................................1, 6, 9, 10

**Rules**

Fed. R. Civ. P. 37................................................................................1, 3, 10
Fed. R. Civ. P. 37(a)(5)(B) ................................................................3, 4, 10

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Pop Mart repeatedly imposed needless burdens on both SEI and the Court through frivolous ex parte applications. Despite repeated reminders that ex parte applications are "solely for extraordinary relief and are rarely justified," Pop Mart continued to file unwarranted ex parte applications, unreasonably and vexatiously multiplying these proceedings in bad faith, and forcing SEI to incur unnecessary fees. This Court found that Pop Mart's filings were meritless because, in each instance, the supposed emergency was a "crisis of POP MART's own making." ECF Nos. 82, 96.

Federal Rule of Civil Procedure 37, Section 1927 of Title 28 of the U.S. Code, and the Court's inherent authority permit sanctions for such abusive litigation tactics. Because Pop Mart and its counsel pursued these improper and unwarranted filings, SEI incurred attorneys' fees totaling $127,488 that would have otherwise been avoided. Accordingly, SEI seeks an order awarding the fees it was required to expend in (1) opposing Pop Mart's Ex Parte Application for Order to Compel Expedited Discovery from Defendant 7-Eleven, Inc. (ECF No. 70), (2) opposing Pop Mart's Ex Parte Application for Leave to File Response to Defendants' Statement of The Case (ECF No. 84), and (3) preparing this motion for attorneys' fees.

**II.    RELEVANT BACKGROUND**

Pop Mart has filed several ex parte applications in this case thus far, beginning on September 9, 2025, with its Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction. ECF No. 18. Although that application was granted, the Court explicitly warned: "ex parte applications are solely for extraordinary relief and are rarely justified." ECF No. 35. The Court further highlighted that its operative Civil Standing Order states: "Counsel are reminded that ex parte applications are solely for extraordinary relief. Applications that do not meet the requirements set forth in Local Rule 7-19 will not be considered. Sanctions may be imposed for misuse of ex parte applications." *Id.* (quoting Civil Standing Order § XII).

Despite the Court's clear warnings, at 11:59 PM on Thursday, November 6, 2025, Pop Mart filed yet another ex parte application, this time seeking an order compelling "expedited" discovery from SEI based on its assertion that immediate court intervention was necessary to prevent continued counterfeiting. *See* ECF No. 70. SEI was required to drop everything, first to prepare its own ex parte application to seek additional time to respond because Pop Mart refused to stipulate to a reasonable briefing schedule despite its 11:59 PM filing (*see* ECF No. 71), and then to address an ex parte application that exceeded ten pages and was supported by three declarations and sixteen exhibits by Monday, November 10 (*see* ECF No. 73). But Pop Mart did not stop there; just one day after SEI filed its opposition to the ex parte application, Pop Mart filed yet another ex parte application, this time seeking leave to file a reply in response to SEI's opposition.[1] ECF No. 74. Again, SEI was required to drop everything to respond by the following day. *See* ECF No. 75. The Court ultimately rejected Pop Mart's request for expedited discovery outright, holding that the ex parte application "does not meet the high standard in this District that ex parte relief requires because this is a crisis of POP MART's own making." ECF No. 82 at 3. The Court noted that Pop Mart had been aware of the alleged counterfeiting since at least June 2025, filed its complaint in July, and sought a Temporary Restraining Order against the store defendants in September, yet elected not to seek a Temporary Restraining Order against SEI, waited until late September to initiate discovery discussions with SEI, and even submitted its Reply to the Court's Order to Show Cause in mid-October without the information it later characterized as urgently required. *See id.* In light of Pop Mart's extended delay and its failure to involve SEI earlier, the Court concluded that any "crisis" was entirely self-imposed. *Id.*

Undeterred, Pop Mart filed yet another ex parte application on

---

[1] Although the Court allowed Pop Mart's reply, it did so without substantive comment, and the underlying ex parte application was ultimately denied.

November 27, 2025—Thanksgiving Day—this time, seeking permission to exceed the page limit for its portion of the Statement of the Case in the Joint Rule 26(f) Report. ECF No. 84. The Court again found that Pop Mart's ex parte application did "not meet the high standard in this District that ex parte relief requires because this is a crisis of POP MART's own making" and reiterated that "[e]x parte applications are solely for extraordinary relief and are rarely justified." ECF No. 96 at 2, 1 (citing *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995)). Indeed, the Court observed that the first draft of the Joint Rule 26(f) Report was circulated on November 17, and Defendants repeatedly asked on November 24, 25, and 26 for a finalized version to be circulated before the November 26 filing deadline. *Id.* at 2. Pop Mart, however, provided no substantive update regarding the Report or its asserted need for additional pages. *Id.* Instead, Pop Mart circulated an updated draft Joint Rule 26(f) Report on November 26 at 6:44 PM and noted their intent to file an ex parte application to extend the page limit. *Id.* The Court thus concluded "Here, Pop Mart created this crisis. If Pop Mart had concerns with Defendants' Statement of the Case, then it had multiple days to express such concerns and seek a joint resolution." *Id.* Instead of doing so, however, Pop Mart forced SEI and its counsel to prepare a response to this meritless ex parte application over the holiday weekend.

## III. SANCTIONS ARE WARRANTED FOR POP MART'S EX PARTE APPLICATION TO COMPEL EXPEDITED DISCOVERY.

### A. Fee shifting is required pursuant to Rule 37.

Pursuant to Rule 37(a)(5)(B), if a motion to compel is denied, the Court must award the party who opposed the motion its reasonable expenses, including attorneys' fees, unless the motion was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(B). This fee-shifting rule is designed to "protect courts and opposing parties from delaying or harassing tactics during the discovery process." *Cunningham v. Hamilton County*, 527 U.S. 198, 208 (1999); Fed. R. Civ. P. 37 advisory committee's note to 1970 amendment (explaining "the rules

should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists").

Pop Mart's Ex Parte Application to Compel Expedited Discovery was properly denied by this Court because it failed to meet the stringent standard for ex parte relief and, as the Court found, the supposed emergency was a "crisis of POP MART's own making." ECF No. 82 at 3. As outlined above, the Court found that Pop Mart had delayed in seeking discovery from SEI until late in September, belying any claimed urgency. *Id.* Because the application was denied, Rule 37(a)(5)(B) requires that SEI be awarded its attorneys' fees.

Moreover, there are no circumstances indicating Pop Mart's ex parte was substantially justified or that an award of fees would be unjust. On the contrary, when considering the merits, the application was entirely unjustifiable. Even if granted, Pop Mart's ex parte application would have accomplished *nothing* to accelerate discovery: SEI's responses would still have been due on the same date as they had been under the Federal Rules. *See* ECF No. 73 (SEI's Opp. to Pop Mart's Ex Parte App.) at 12:3-11. Its only effect would have been to place SEI's responses and deposition under a court order, effectively asking the Court to pre-adjudicate the legitimacy of Pop Mart's freshly served discovery and any objections SEI might raise. *See id.* at 12:12-17. Indeed, as reflected in the record, the dispute was the direct result of Pop Mart's bad-faith refusal to engage in negotiations to identify workable ESI search terms. SEI had repeatedly explained to Pop Mart—on October 1, 8, and 14—that it could run ESI searches to produce responsive documents only after Pop Mart agreed to basic search terms, yet Pop Mart refused to do so. *See id.* at 7:16-9:15; *see also* ECF No. 73-2 (Nov. 10, 2025, Lauridsen Decl.) ¶¶ 2-7.

Because the application sought no actual expedition of discovery and was based entirely on a self-imposed crisis, it was unjustified and properly denied by this Court. Accordingly, SEI is entitled to recover the fees it was forced to incur in opposing Pop Mart's ex parte application under Rule 37(a)(5)(B).

**B.      Fee shifting is warranted pursuant to Section 1927.**

Under Section 1927 of Title 28 of the U.S. Code, an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" may be required to pay the excess fees and costs caused by such conduct. 28 U.S.C. § 1927; *see also Gomez v. Vernon*, 255 F.3d 1118, 1134-35 (9th Cir. 2001). Sanctions pursuant to Section 1927 "must be supported by a finding of subjective bad faith." *Lake v. Gates*, 130 F.4th 1064, 1070 (9th Cir. 2025) (quoting *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015)). "[B]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (quoting *Blixseth*, 796 F.3d at 1007).

First, as detailed above, the ex parte application was frivolous on its face. The Court found that Pop Mart had unreasonably delayed seeking discovery from SEI, undermining any claimed urgency, and concluded the crisis was "of POP MART's own making." ECF No. 82 at 3. Moreover, the requested relief would not have expedited discovery, and the dispute itself resulted largely from Pop Mart's refusal to engage in good faith negotiations to identify workable ESI search terms. The filings thus served no legitimate purpose; instead, their only apparent aim was to harass SEI and impose unnecessary burdens on both SEI and the Court. This improper purpose demonstrates bad faith. *See WBS, Inc. v. Croucher*, No. CV 15-07251 DDP (JCx), 2020 WL 1169387, at *4 (C.D. Cal. Mar. 11, 2020) (imposing sanctions under Section 1927 because, among other things, "evidence in the record confirms that counsel often acted in bad faith to prolong the litigation, with no legitimate purpose" and "it appears from the record that counsel pursued certain strategies for no reason other than to inconvenience opposing counsel.")

Indeed, Pop Mart's counsel's conduct exemplifies exactly the sort of "gamesmanship" this Court warned of in *Mission Power*. Ex parte applications are "inherently unfair" and "grossly unbalanced" because "the moving party's papers reflect days, even weeks, of investigation and preparation," while the "opposing party

has perhaps a day or two" to prepare its opposition. *Mission Power*, 883 F. Supp. at 490. Clearly, the "goal . . . [was] to surprise opposing counsel or at least to force [them] to drop all other work to respond on short notice." *Id*. *Mission Power* also effectively predicted the unfortunate chain reaction that followed Pop Mart's filing. *See Mission Power*, 883 F. Supp. at 489-90 ("Presumably, plaintiff's reply will be yet another ex parte motion, this time to strike defendant's ex parte response."). Here, what began as one improper ex parte application quickly spawned additional filings—including SEI's request for additional time (ECF No. 71) and yet another ex parte application from Pop Mart seeking leave to file a reply (ECF No. 74), which SEI had no choice but to oppose (ECF No. 75). This sort of gamesmanship should not be tolerated.

Pop Mart's counsel's tactics forced SEI and the Court to divert attention from other pressing matters based on a crisis wholly of Pop Mart's own making. The ex parte application itself was frivolous and unnecessary, serving only to increase the burden on SEI and the Court. Accordingly, sanctions in the form of an award of SEI's reasonable attorneys' fees under 28 U.S.C. § 1927 are appropriate and necessary.

**C.      Fee shifting is warranted pursuant to the court's inherent authority.**

A court may also sanction parties or their attorneys for improper conduct under its inherent power. *See Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). This includes an inherent power to "levy fee-based sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Id.* at 992. "A specific finding of bad faith must precede any [such] sanction." *Id.* A court's inherent power to sanction "encompasses violations of a court's standing orders." *Afifeh v. Ahmadabadi*, No. 2:22-CV-00928-SB-AFM, 2022 WL 1617989, at *1 (C.D. Cal. Apr. 5, 2022).

For the same reasons discussed above, Pop Mart and its counsel's conduct in connection with their Ex Parte Application to Compel Expedited Discovery demonstrates the requisite bad faith. Despite having been previously warned that "ex parte applications are solely for extraordinary relief and are rarely justified" and

that the Court's Civil Standing Order provides that "[s]anctions may be imposed for misuse of ex parte applications" (*see* ECF No. 35), Pop Mart filed a series of ex parte applications stemming from a crisis it created. The underlying circumstances further demonstrate that the application was frivolous and unwarranted, as Pop Mart had unreasonably delayed seeking discovery from SEI, ignored SEI's efforts to resolve the issue cooperatively, and then invoked a self-created 'emergency' to justify ex parte relief. The ex parte applications were filed not to resolve any legitimate emergency, but to harass SEI, demonstrating Pop Mart and its counsel's bad faith.

Because Pop Mart and its counsel acted improperly and in bad faith, and because its filings constituted a clear abuse of the ex parte process, under its inherent authority and pursuant to its Civil Standing Order, the Court should sanction Pop Mart and award SEI its attorneys' fees incur in opposing Pop Mart's ex parte application.

## IV. SANCTIONS ARE WARRANTED FOR THE EX PARTE FOR LEAVE TO FILE RESPONSE TO DEFENDANTS' STATEMENT OF THE CASE.

### A. Fee shifting is warranted pursuant to Section 1927.

Apparently undeterred by the Court's prior decision denying Pop Mart's previous ex parte application just days earlier, on November 27, Pop Mart yet again filed an ex parte application, this time seeking leave to exceed the page limit of the parties' Joint Rule 26(f) Report. ECF No. 84. This ex parte application was equally improper and unnecessary. And the timing made Pop Mart's counsel's tactics particularly egregious. On November 17, Pop Mart circulated its initial draft Joint Rule 26(f) Report with its portions completed, stating that Pop Mart would like to file the report the following day, giving defendants one day to review, make any edits, and complete their portions. ECF No. 85 (SEI's Opp. to Pop Mart's Ex Parte App.) at 2:16-20. After explaining that they needed more time, Defendants provided their revisions to Pop Mart's initial draft Joint Rule 26(f) Report on November 20. *Id.* at 1:20-22.

Despite Defendants' repeated requests on November 24, November 25, and

multiple times on November 26 for a finalized report ahead of the deadline, Pop Mart provided no meaningful update and did not disclose that it intended to seek additional pages for its portion of the report. *Id.* at 2:22-26. Pop Mart finally circulated the "final" version of the report at 4:06 PM on November 26, the night before Thanksgiving, with multiple pages of additional legal argument inserted both in its Statement of the Case section and throughout the remainder of the draft report, putting Pop Mart significantly over the two pages per party limit set forth in this Court's Order Setting Scheduling Conference. *Id.* at 3:2-4:3.

After Defendants quite reasonably refused to stipulate to extend the page limit because Pop Mart rebuffed their attempts to reach a compromise, at 6:44 PM, Pop Mart circulated an updated draft Joint Rule 26(f) Report removing the additional legal argument and adding a statement that it intended to file an ex parte application to extend the page limit. *Id.* at 4:3-11. Pop Mart ultimately filed a Declaration of Non-Compliance, accusing all defendants of having refused to comply with the Court's order to jointly prepare the Rule 26(f) report (ECF No. 83) despite all Defendants having signed off on the original version, and on November 27—Thanksgiving Day— Pop Mart filed its Ex Parte Application for Leave to File Response to Defendants' Statement of the Case (ECF No. 84).[2] These filings again required SEI and the Court to drop everything to respond, despite the absence of any genuine emergency or any

---

[2] Troublingly, Pop Mart's ex parte application and supporting declaration grossly mischaracterized Defendants' efforts to resolve this issue and prepare a Joint Rule 26(f) Report by the deadline, including through its omission from the record several communications reflecting Defendants' efforts to resolve the issue, all in an apparent effort to falsely paint the Defendants in a negative light. *See* ECF No. 85 (SEI's Opp. to Pop Mart's Ex Parte App.) at 1 n.1, 5:20-6:7. This mischaracterization of the facts further demonstrates Pop Mart's bad faith. *See In re Girardi*, 611 F.3d 1027, 1061 (9th Cir. 2010) ("We have held that recklessly or intentionally misrepresenting facts constitutes 'the requisite bad faith and intentional misconduct for which sanctions under § 1927 are appropriate.'" (quoting *Malhiot v. S. California Retail Clerks Union*, 735 F.2d 1133, 1138 (9th Cir. 1984)).

crisis not of Pop Mart's own making. As the Court observed, "Pop Mart created this crisis. If Pop Mart had concerns with Defendants' Statement of the Case, then it had multiple days to express such concerns and seek a joint resolution." ECF No. 96 at 2.

Pop Mart's counsel's conduct forced both SEI and the Court to drop everything—this time on a holiday—to address an issue that easily could have and should have been raised days earlier. Their decision to wait until the eve of Thanksgiving to disclose Pop Mart's concerns reflects, at best, a reckless and unreasonable disregard for their obligations in this litigation and, at worst, a deliberate tactic designed to harass SEI and its counsel over a holiday. *See WBS, Inc. v. Croucher*, 2020 WL 1169387, at *4 ("[I]t appears from the record that counsel pursued certain strategies for no reason other than to inconvenience opposing counsel."). In either case, the ex parte application was entirely frivolous and further demonstrates bad faith. Accordingly, sanctions in the form of an award of SEI's reasonable attorneys' fees under 28 U.S.C. § 1927 are appropriate and necessary.

**B.      Fee shifting is warranted pursuant to the court's inherent authority.**

For the same reasons discussed above, Pop Mart and its counsel's conduct in connection with the Ex Parte Application for Leave to File Response to Defendants' Statement of the Case justifies sanctions under the Court's inherent authority and pursuant to its Civil Standing Order. Despite the Court having just denied Pop Mart's ex parte application for expedited discovery—again reminding Pop Mart that "ex parte applications are solely for extraordinary relief and are rarely justified"—Pop Mart nevertheless filed yet another improper ex parte application just days later, this time on a holiday. And once again, the supposed crisis was entirely of Pop Mart's own making. Pop Mart's dilatory tactics in connection with this ex parte needlessly burdened SEI and the Court.

Because Pop Mart and its counsel acted improperly and in bad faith, and because its filings constituted a clear abuse of the ex parte process, under its inherent authority and pursuant to its Civil Standing Order, the Court should sanction Pop Mart and award

SEI its attorneys' fees incur in opposing Pop Mart's ex parte application.

## V.    SEI'S ATTORNEYS' RATES AND HOURS EXPENDED ARE REASONABLE

Under federal law, courts use the lodestar method to calculate reasonable attorneys' fees by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). While other considerations may warrant an adjustment, there is "a strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (internal quotation marks and citation omitted). The appropriate lodestar in this case is $127,488 reflecting the reasonable attorneys' fees incurred by SEI in connection with opposing (1) Pop Mart's Ex Parte Application for Order to Compel Expedited Discovery from Defendant 7-Eleven, Inc. (ECF No. 70), and (2) Pop Mart's Ex Parte Application for Leave to File Response to Defendants' Statement of The Case (ECF No. 84); and preparing this motion for attorneys' fees[3] (hereinafter, the "Relevant Proceedings").

### A.    The hourly rates of SEI's attorneys are reasonable.

In determining whether an hourly rate is reasonable, courts consider the 'prevailing market rates in the relevant community,' and whether the rates are "in line with [the rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Christensen v. Stevedoring*

---

[3] Should the Court sanction Pop Mart pursuant to Rule 37 or Section 1927, SEI may recover its reasonable fees expended in preparing this motion for attorneys' fees. *See Hung Nguyen v. Regents of Univ. of California*, No. 8:17-CV-00423-JVS-KESX, 2018 WL 6112616, at *1, *5 (C.D. Cal. May 18, 2018) (awarding "fees on fees" necessarily incurred in obtaining a fee award under Rule 37(a)(5)(B)); *O.T. v. BabyBjorn Inc.*, No. CV 20-4517-MCS (KSX), 2022 WL 3013216, at *6 (C.D. Cal. June 7, 2022) (awarding fees incurred in preparing fee request for successful motion to compel under Rule 37(a)(5)); *Blixseth*, 854 F.3d at 632 (holding "§ 1927 allows an award of attorneys' fees incurred in obtaining a sanctions award").

*Servs. of Am.,* 557 F.3d 1049, 1053 (9th Cir. 2009) (quoting *Blum v. Stenson,* 465 U.S. 886, 895–96 (1984)). The "relevant community" for the purposes of determining the reasonable hourly rate is the forum in which the district court sits—here, the Central District of California. *See Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997).

In this case, the hourly rates charged by SEI's attorneys are reasonable in light of each individual's experience level and qualification. *See generally* Supplemental Declaration of Steven E. Lauridsen ("Supp. Lauridsen Decl.") ¶¶ 8-13 & Ex. 2. The hourly rates of the two partners at Tucker Ellis LLP ("Tucker Ellis") who performed work in connection with the Relevant Proceedings, David J. Steele and Steven E. Lauridsen, ranged from $775 to $875 in 2025 and $800 to $900 for work performed in 2026 (*id*. ¶¶ 10a-b). And the hourly rates of the four partner-track attorneys who performed work in connection with the Relevant Proceedings, Dina Roumiantseva, Helena M. Guye, Emily G. Evans, and Charlotte J. Godart ranged from $225 to $660 (*id*. ¶¶ 10c-f). These rates are at or below the range of rates previously found reasonable by courts in this District. For example, a court found that rates ranging from $1,355 to $1,410 for partners and $710 to $1,185 for associates were reasonable in 2023. *Yuga Labs, Inc. v. Ripps*, No. 22-cv-04355-JFW-JEMx, 2024 WL 489248, at *4 (C.D. Cal. Jan. 11, 2024), *R&R adopted by* ECF No. 448 (Jan. 23, 2024) (collecting cases across California holding similar rates reasonable). *See also Tacos El Chavito, LLC v. Pascual*, No. 8:24-CV-00983 MWC (KESX) (C.D. Cal. January 13, 2026) ("For litigation in 'Intellectual Property: Trademarks,' the Real Rate Report documents hourly rates ranging from $754 (first quartile) to $1,129 (third quartile) for partners and $540 (first quartile) to $922 (third quartile) for associates").

In short, the hourly rates charged by SEI's attorneys are at or below the prevailing market rates in the relevant community and are therefore reasonable.

**B.    The hours expended by SEI's counsel are reasonable.**

From November through February 2025, SEI's attorneys spent 199.9 hours on the Relevant Proceedings. Supp. Lauridsen Decl. ¶¶ 14 & Ex. 1. As detailed further in

11

the Supplemental Lauridsen Declaration and Statement, SEI seeks attorneys' fees related to the following categories of work performed in connection with the Relevant Proceedings:

| Category of Work | Sum of Hours | Sum of Bill Amount |
| --- | --- | --- |
| Opposing Pop Mart's Ex Parte Application for Order to Compel Expedited Discovery from Defendant 7-Eleven, Inc. (ECF No. 70) | 97.20 | $68,890.00 |
| Opposing Pop Mart's Ex Parte Application for Leave to File Response to Defendants' Statement of The Case | 42.90 | $33,081.50 |
| Preparing Motion for Sanctions | 59.80 | $25,516.50 |
| **Total** | **199.90** | **$127,488.00** |

For each of these categories of work in connection with the Relevant Proceedings, the hours expended are reasonable. In the Statement, Tucker Ellis has provided detailed billing records (redacted only to prevent disclosure of material protected by the attorney-client privilege or work product doctrine) clearly outlining the tasks performed, the hourly rate, the time expended on each task, and the personnel assigned to each task, which demonstrate the tasks performed in connection with the Relevant Proceedings were staffed appropriately and efficiently based on the level of expertise required. Moreover, given the number and nature of Pop Mart's ex parte applications, the fact that SEI incurred significant fees to oppose such applications on an expedited basis should come as no surprise. "[A] defendant cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." *Cataphora Inc. v. Parker*, 848 F. Supp. 2d 1064, 1070 (N.D. Cal. 2012) (quoting *Int'l Longshoremen's & Warehousemen's Union v. L.A. Export Terminal, Inc.*, 69 Cal. App. 4th 287, 304 (1999)); Supp. Lauridsen Decl. Ex. 1.)).

Despite having met and conferred and being provided twice with the draft Joint Statement (a week apart each time), and despite being advised concerning the deadline to provide Pop Mart's portion of the Joint Statement as set forth in this Court's standing order, Pop Mart filed to timely return the Joint Statement with any argument concerning disputed entries. Supp. Lauridsen Decl. ¶¶ 2-7.

## VI.    CONCLUSION

Despite repeated warnings, Pop Mart and its counsel repeatedly abused the ex parte process at great expense to SEI. Accordingly, SEI respectfully requests that the Court make the requested findings to impose monetary sanctions, jointly and severally, upon Pop Mart and its counsel of record for their improper and unnecessary filings, and award SEI the full amount of its requested attorneys' fees totaling $127,488.

DATED: May 27, 2026                      Tucker Ellis LLP


By:    /s/ Steven E. Lauridsen
David J. Steele
Steven E. Lauridsen
Dina Roumiantseva
Helena Guye

*Attorneys for Defendant 7-Eleven, Inc.*


## CERTIFICATE OF COMPLIANCE

I, Steven E. Lauridsen, counsel of record for Defendant 7-Eleven, Inc., certify that this brief contains 4,353 words, which complies with the word limit of L.R. 11-6.1

*/s/Steven E. Lauridsen*